ORIGINAL

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2021 JUN -3 AM 11: 13

DEPUTY CLERK ___ 8C

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| _____ )<br><br>_____Joel Jordan_____ )<br>**Plaintiff,** )<br> )<br> )<br>-v- )<br> )<br> )<br>**Ironworkers Local 263, Julio Gonzales Jr.,** )<br> )<br>**Mark Fritts, Greg Schultze,** )<br> )<br>**Herlinda Gonzalez Darr, Michael Salceda** )<br>**Defendant(s),** )<br>_____ ) | **Case No.** 4 - 21 C V - 7 1 5 - 0<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, Joel Jordan ("Plaintiff" or Joel Jordan), alleges as follows:

1. This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964, as

    amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

## JURISDICTION AND VENUE

2. The basis of jurisdiction is a Federal Question

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§

    1331, 1343(a), and 1345.

4. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §

    1391(b) because it is where a substantial part of the events or omissions giving rise to

    the cause of action herein occurred.

1

## PARTIES

5.  Plaintiff is expressly authorized to bring this action by Sections 704(a)

   of Title VII, and  42 U.S.C. §§ 2000e-5(f)(1) and (3).

The Plaintiff,

6.  Joel Jordan is an established resident in the State of Texas, filed a timely charge with the

   United States Equal Employment Opportunity Commission ("EEOC") (Charge No.450-

   2020-03151) on May 18, 2020, at 10:05 am, alleging that Defendants in case of Iron

   Workers Local 263 discriminated against him in employment based on his race

   (Black/African American).

   Pursuant to Civil Rights act of 1964, as amended and Section 704(a) of Title VII of the

   Civil Rights Act of 1964, as amended, the EEOC investigated the charges. a copy of

   which is attached hereto as Exhibit "1".

7.  The EEOC attempted unsuccessfully to achieve resolution of this matter through offer of

   mediation. It was deemed that  mediation was not available for this case and ultimately

   the EEOC made no finding as to the merits of any issues and did give the Plaintiff a

   Notice of Right to Sue on  March 5, 2021. a copy of which is attached hereto as Exhibit

   "2".

The Defendant(s)

8.  Julio Gonzalez Jr., ("Defendant No. 1" or Julio Gonzalez Jr.) is an established resident in

2

the State of Texas; the President for Iron Workers Local 263, and is a person of
Latin/Hispanic descent.

9. Herlinda Gonzalez Darr ("Defendant No. 2" or Herlinda Gonzalez Darr) is an established
resident in the State of Texas is the Administrative Assistant for the Apprenticeship
Program for Iron Workers Local 263 and is a person of Latin/Hispanic descent.

10. Greg Schultze ("Defendant No. 3" or Greg Schultze) is an established resident in the
State of Texas; the Statewide Training Director at Iron Workers Local 263 and is a
person of European descent.

11. Mark Fritts ("Defendant No. 4" or Mark Fritts) is an established resident in the
State of Texas; the Business Manager for Iron Workers Local 263 and is a person
of European descent.

12. Michael Salceda ("Defendant No. 5" or Michael Salceda ) is an established resident in the
State of Texas; Vice President for Iron Workers Local 263 and is a person of
Latin/Hispanic descent.

13. All conditions precedent to this lawsuit have been performed or have occurred.

Statement of Claim

14. Julio Gonzalez Jr., Defendant No. 1

    A. Discriminated against me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended. See Attachment 1

    B. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended. See Attachment 2

15. Herlinda Gonzalez Darr, Defendant No. 2

    A. Discriminated against me because of my race and religion in violation of Title VII of the Civil Rights Act of 1964, as amended. See Attachment 2

    B. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended. See Attachment 2

16. Greg Schultze, Defendant No. 3

    A. Discriminated against me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended. See Attachment 3

    B. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended. See Attachment 3

17. Mark Fritts, Defendant No. 4

    A. Discriminated against me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended. See Attachment 4

    B. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended. See Attachment 4

18. Michael Salceda, Defendant No. 5

    A. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended. See Attachments 5

4

## **FACTUAL ALLEGATIONS**

**Joel Jordan's Employment at Iron Workers Local 263**

19.   Joel Jordan the Plaintiff first started with Iron Workers Local 263 in the year 2000

as an apprentice Iron Worker. Although the program is a 3-year program

the Plaintiff graduated as a Journeyman Iron Worker in June 2004.  After working in the

the field for 5-years Defendant No. 1, Julio Gonzalez Jr. asked the Plaintiff to be an

instructor for the apprenticeship program. The Plaintiff was an Iron Worker in the field

working 40 hours during the weekdays and also worked two nights a week as an

instructor for the apprenticeship program for the next 15 years until promoted to be the

Apprenticeship Coordinator/Administrator for the Iron Workers Local 263 through the

recommendations from the President, Julio Gonzalez Jr.'s  personal and written

recommendation and also a personal recommendation of Defendant No. 3, Greg Schultze

the Statewide Director of Training for Texas. The Plaintiff held this position until he was

5

terminated in 2020, after 20 years as an Iron Worker.

20. As an Iron Worker, the Plaintiff would be tasked with a wide range of activities like other

    Iron Workers, performed numerous duties that included physically helping to put

    individual metal pieces of a structure together, to driving  heavy equipment, to providing

    instructions to small and large groups of Iron Workers as a coworker on small jobsites

    with other Iron Workers on site and as Superintendent on large projects with a

    combination of Glaziers and Iron Workers under the direction of the Plaintiff Joel Jordan.

21. As an instructor for 15 years the Plaintiff became a Certified Instructor and would go to

22. the school to teach  after working an 8-hour shift in the field. The students were provided

    blocks of training modules over a 3-year span.

23. On June 11, 2019, the Plaintiff Joel Jordan was promoted from an instructor, to

    Apprenticeship Coordinator/Administrator for Iron Workers Local 263 the first

    person of  Black/ African American descent as the Apprenticeship Coordinator. All of the

    previous coordinators were of a European descent and for the past 20 years was a

    person of Latin/Hispanic descent.

6

24. In the office of the apprenticeship school was the Administrative Assistant to the

Coordinator and the program a person of Latin/Hispanic descent Herlinda Gonzalez Darr

Defendant No. 2 (Julio Gonzalez Jr.'s older sister). Also, on occasion in the office was

Eddie Gonzalez (Julio Gonzalez Jr.'s older brother) the custodian.

Apprenticeship Coordinator Orientation

21. On June 11, 2019, Julio Gonzalez Jr. gave the Plaintiff Joel Jordan orientation on how
to start running the office at the apprenticeship program. One of the first things that
Julio Gonzalez Jr. instructed the Plaintiff to do was how to do payrolls for all of the
instructors in the DFW area and for the instructors in El Paso, and for office staff and
himself. Julio Gonzalez told the Plaintiff that his position would cover a 48-hour salary
although he would most likely work more hours than that, Fridays could be taken off
to make up for overtime hours if needed and that any hours assisting or co teaching
classes, or outright covering classes for absent instructors would be supplemented
through Tarrant County College as long as the Plaintiff was still registered with the
college.

22. Julio Gonzalez Jr. told the Plaintiff to get $3,000.00 from the administrative assistant
Herlinda Gonzalez Darr and to send that money to Greg Schultze the Statewide
Director who was in Houston. The Plaintiff was told by Julio Gonzalez Jr. to get 3 one-

7

thousand-dollar money orders because to post office would not give him one money
order for the total three-thousand-dollar amount.

23. July 15, 2019, through July 19, 2019, the Plaintiff Joel Jordan attended training for
New Apprenticeship Coordinators. While in Instructor Training for New
Apprenticeship Coordinators. The Plaintiff  was trained to manage his own schedule,
trained not to allow others to manipulate  time. In training the Plaintiff learned how
to look up the program's information. Where he discovered in training that Iron
Workers Local 263's program was not supposed to sell training manuals/ books to
students. The Plaintiff learned that ultimately he was the person responsible for the
financial liability of the program.

24. On July 20, 2019, the Plaintiff told the  instructors to stop selling books immediately
because this was a prohibited act.

25. On July 25, 2019, Julio Gonzalez Jr. asked the Plaintiff why he had a meeting with the
instructors and ask them to stop selling books. The Plaintiff Joel Jordan explained to
Julio Gonzalez Jr. that the school was not supposed to be selling books to the
students. The Plaintiff explained he would not be sending any more money or money
orders to Greg Schultze and that selling books to students would not continue. The
Plaintiff advised his direct supervisor Greg Schultze about this conversation on more
than one occasion, the first time was on July 25, 2019,  the third and last occasion
being through an email from the Plaintiff to Greg Schultze on November 6, 2019, at
8:25 a.m.

Racial Discrimination

### CHARGE 1: RACIAL DISCRIMINATION

26. During the Plaintiffs tenure as the Apprenticeship Coordinator and Administrator for Iron Workers Local 263 the Defendants began to create an environment which encouraged and fostered a hostile work environment for the Plaintiff, Mr. Jordan due to his race. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in Iron Workers Local 263. It is open, active, and unashamed. The harassment, abuse and discrimination are encouraged by Iron Workers Local 263  management's refusal to stop the misbehavior.

27. On December 12, 2019, about 10:00 a.m. Julio Gonzalez Jr asked the Plaintiff to get money from Herlinda Gonzalez Darr to get money orders for half of amount of money in petty cash and to send the money to Greg Schultze. Herlinda Gonzalez told the Plaintiff that there was a little more than $11,000.00 in the petty cash. The Plaintiff told her that Julio Gonzalez Jr. wanted to send Greg Schultze half of that. Herlinda began to count out $5,500.00 on her desk from the cash drawer on her desk located on the left side of her desk near the top.

When she completed counting the money out on her desk the plaintiff told her that he was not going to send that money to Greg Schultze. The Plaintiff then told Herlinda Gonzalez Darr to stop excepting money from students and to stop  placing my name

9

on receipts. Herlinda Gonzalez Darr was not happy that the Plaintiff allowed her to

count out all that money for nothing and she slammed her office door on the Plaintiff.

28. The Plaintiff  contacted Julio Gonzalez Jr. and told him that he was not going to send

that money to Greg.

29. the Plaintiff, Mr. Jordan refused to facilitate several fiduciary forbidden financial

perhaps unlawful activities at the direction of one of Defendants Julio Gonzalez Jr., the

Plaintiff's supervisor the Defendants began to openly engage in  racially

discriminating, and harassing activities towards the Plaintiff.

30. The peak of racial slurs and derogatory comments and harassment in a group setting

was initiated by upper management; the President of Iron Workers Local 263, Julio

Gonzalez on December 2, 2019. On December 2, 2019, Julio Gonzalez Jr. started a

racially derogatory jokes and demeaning conversations about the Plaintiff in front of

the Plaintiff, the  Plaintiffs assistant Herlinda Gonzalez Darr (Julio's older sister) and

the Plaintiffs facilities janitor Eddie Gonzalez (Julio's older brother).

31. On December 5, 2019, at 7:30 a.m. the Plaintiff Joel Jordan was decorating the area

where the retirement party was at when the Training Director Greg Schulze (the

Plaintiff's boss) saw the Plaintiff up on a scaffold putting up decorations, ornaments,

and lights said all on his own "look at you looking like a Black Santa while he was

looking at the Plaintiff; "Black Santa" saying that that name would stick. Yes, that

name would definitely stick. These comments were continued in front of two people

that work under the Plaintiff: the assistant Herlinda Gonzalez Darr( Julio's sister) and a

janitor Eddie Gonzalez (Julio's brother). At lunch all of these people went back and

forward with their own comments on the Plaintiff being "Black Santa"

10

32. Greg Schultze and the President of Ironworkers Local 263, Julio Gonzalez Jr., did on one or more occasions referrer to the Plaintiff as "Black Santa". Plaintiff reported his dislikes and concerns to Greg to no avail. The Defendants failed to take effective remedial action in response to racially charged complaints. During lunch on December 5, 2019, two of the Defendants Greg Schultze and Julio Gonzalez Jr., on purpose and openly taunted the Plaintiff in front of coworkers about being Santa. This particular Santa conversation was documented by the Plaintiff and presented Greg Schultze in an effort to stop this behavior in the office to no avail.

33. Although the Plaintiff is not subject to this, racial slurs and derogatory conversations did take place during Mr. Jordan's tenue at Ironworkers Local 263.  As a result of the Plaintiff's good faith complaints and opposition to race discrimination and racial harassment.

34. On February 28, 2019, the Defendant Mark Fritts discriminated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes and without due process that included the Plaintiff, terminated the Plaintiff all in one meeting. The same, exact, or worse behavior over a span of several years from similarly situated Hispanic Julio Gonzalez, the Plaintiffs predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years.

11

Retaliation

**CHARGE 2: RETALIATION**

35. The Plaintiff Mr. Jordan an African American at the Iron Workers Local 263 was subjected to a stricter level of scrutiny and forced to do more work than his similarly situated Hispanic predecessor. The racial harassment and retaliation were perpetuated by Herlinda Gonzalez Darr, the Plaintiffs assistant (Julio's sister).

36. Herlinda Gonzalez Darr intentionally implemented a work stoppage causing the Plaintiff to do her job. The Defendant Herlinda Gonzalez Darr retaliated against the Plaintiff her upper management,  by subjecting him to impossible job task, a heavier workload and stricter scrutiny than his predecessors, forced him to do her job task which was more work than his predecessors, religiously hostile treatment by posting signs in the in the public's view and in the office on several occasions taunting the Plaintiffs Administrative position by placing insubordinate signs on the Plaintiffs office window denouncing his position; this activity was captured on security video and security video screen shots on January 13,2020 at 6:54 a.m..

Herlinda Gonzalez Darr also taunted the Plaintiffs religious beliefs, one of the postings was captured in a cell phone photo on Friday January 31,2020 at 7:29 a.m.. Herlinda Gonzalez Darr on more than one occasion engaged in hostile conversations about the Plaintiffs religious status. One of these was reported to Greg Schultze on February 18, 2020 at 10:02 a.m. via email in regard to a hostile insubordinate conversation between

the Plaintiff's Assistant Herlinda Gonzalez Darr and the Plaintiff that took place on February 17, 2020 at 7:15 a.m., to no avail and, ultimately contributed to his termination.

37. Greg Schultze refused to define job tasks to stop this behavior from the Plaintiff's assistant.  Herlinda would on purpose engage in hostile insubordinate conversation with the plaintiff.

38. When the Plaintiff would report this insubordinate behavior of Herlinda to Greg Schultze the Statewide Training Director Greg Schultze he did nothing to stop the ongoing racial and racial harassment activities in the office. Greg threatened the Plaintiffs job and refused to fire Herlinda as indicated in an email on January 22, 2020 at 9:35 a.m. .

39. In retaliation towards the Plaintiff Mr. Jordan was repeatedly threatened to be reprimanded and disciplined for relatively minor mistakes. The same, exact, or worse behavior from similarly situated person of Latin /Hispanic decent, Julio Gonzalez Jr. the Plaintiffs predecessor was ignored even when discovered.

40. On February 28, 2019, the Defendant Mark Fritts retaliated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes and without first advising the Plaintiff of what the workplace challenge was about. Mark Fritts did not even attempt to implement a Personal Improvement Plan, terminated the Plaintiff all in one meeting.  The same, exact, or worse behavior over a span of several years from similarly situated person of Latin /Hispanic decent, Julio Gonzalez, the Plaintiffs

13

predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years. Two Days after the Plaintiff received 52 signatures from students saying that they would not buy book the Plaintiff was terminated.

41. Ironworkers Local 263 and Greg Schultze Mr. Jordan's direct upper manager, is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt effective remedial action. Instead, it did just the opposite. It condoned, participated, ratified, and otherwise allowed racially harassing and discriminatory behavior to continue.

42. When Mr. Jordan tried on several occasions tried to get upper management to stop Herlinda's retaliation by defining job tasks of Herlinda Gonzalez Darr; he was told in a threatening email from Greg Schultze that there would be no staff changes in  regards to his complaint.  Mr. Jordan eventually was fired in the presence of this employee.

43. 8 months after the Plaintiff was terminated on October 28, 2020 Michael Salceda the Vice President for Iron Workers Local 263 in an act of retaliation and an attempt to tamper with and destroy evidence in this case did without permission access the Plaintiffs email. Michael Salceda also accessed the Plaintiffs private Apple iCloud and immediately began to change the Plaintiffs passwords, usernames, and email address associated with the Plaintiffs Apple iCloud account, denying the Plaintiff any future

access to his account. All of these activities have been documented through emails and a Police report.

6. **Relief**

   WHEREFORE, Plaintiff, Joel Jordan , respectfully request that this Court enter a judgement against the Defendants and provide the following relief:

   a. Award actual damages, including appropriate amounts of back pay in the amount of $95,940.00 plus fringe benefits or up to the courts maximum whichever is appropriate.

   b. Award compensatory for:

      i. Race Discrimination in the amount of  $45,000.00

      ii. Retaliatory discharge in the amount of   $40,000.00

      iii. Wrongful Termination in the amount of $92,000.00

      iv. Hostile work environment in the amount of $90,000.00

7. **Award  reasonable court cost.**

8. **Award Plaintiff his job back as Apprenticeship Coordinator and be allowed to finish last 10 years as Apprenticeship Coordinator.**

9.  Grant any and all appropriate relief, which the Court deems necessary and appropriate.

**Demand for Jury**

Plaintiff demands a jury trial of all issues.

10. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Date                                    _____June 3, 2021_____

Signature of Plaintiff        _____
                                                 Joel Jordan

Printed Name of Plaintiff    _____Joel Jordan_____

**6941 Talon Bluff Drive**
**Fort Worth Texas, 76179**
**469-531-7675**

16

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 450-2020-03151 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. JOEL JORDAN | (469) 531-7675 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6941 TALON BLUFF DRIVE,  FORT WORTH, TX 76179 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| IRON WORKERS LOCAL 263 APPRENTICESHIP PROGRAM | 501+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 616 N. GREAT S.W. PARKWAY,  ARLINGTON,  TX 76011 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **12-05-2019**   Latest **02-28-2020**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM:**
I. On or about December 05, 2019, my superiors and coworkers began referring to me as 'Black Santa.' I asked them to stop to no avail. I complained to my Statewide Director, Gregory Schulze, who was also engaging in the racially derogatory remarks; however, nothing was done.

II. Shortly thereafter, on or about February 28, 2020, I was discharged.

**RESPONDENTS REASON FOR ADVERSE ACTION:**
I.  No reason given for the racial harassment.

II. I was told I did not work enough hours.  I believe the reason given was pretext to hide discrimination.

**DISCRIMINATION STATEMENT:**
I believe that I have been discriminated against because of my race (Black/African American), in violation

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Joel Jordan on 05-18-2020 10:05 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2020-03151 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

of Title VII of the Civil Rights Act of 1964, as amended.  I believe that I have been retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Joel Jordan on 05-18-2020 10:05 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

76179-174241





EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Joel Jordan**<br>**6941 Talon Bluff Drive**<br>**Fort Worth, TX 76179** | From:  **Charlotte District Office**<br>**129 W. Trade Street**<br>**Suite 400**<br>**Charlotte, NC 28202** |

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2020-03151** | **Hattie W. Murphy, Investigator** | **(980) 296-1261** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|   | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Sandra Little, for

**Thomas M. Colclough,**
**District Director**

3/5/2021

*(Date Issued)*

cc:    **Douglas Selwyn, Attorney**
**CONNER & WINTERS LLP**
**808 Travis Street**
**23rd Floor**
**Houston, TX 77002**

Enclosure with EEOC
Form 161 (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

ATTACHMENT        1

### Statement of Claim

Julio Gonzalez Jr., Defendant No. 1

1. Discriminated against me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended.

A. I Joel Jordan the Plaintiff started my new position as Apprenticeship Coordinator and Administrator for Iron Workers Local 263 on June 11, 2019. On my first day, my supervisor Julio Gonzalez Jr., who is also the President for Iron Workers Local 263 was giving me basic orientation. During orientation Julio told me to perform a forbidden act a potentially unlawful act.

> The Plaintiff later learned in training that the act was definitely forbidden. After training, the Plaintiff Joel Jordan had a meeting with his instructors, and told them to stop selling books to students. The Plaintiff told his assistant Herlinda Gonzalez Darr to stop selling books to students and righting his name on receipts as she had been doing for the previous coordinators and previous Administrators.

> October 14, 2019 at 8:30 a.m. , and again on December 12, 2019 about 10:00 a.m. the Plaintiff, Mr. Jordan refused to facilitate several fiduciary forbidden financial activities at the direction of one of Defendants Julio Gonzalez Jr., the Plaintiff's supervisor. After the Plaintiff refused to do these potentially unlawful activities the Defendants began to openly engage in racially discriminating, and harassing activities towards the Plaintiff. The peak of racial slurs and derogatory comments and harassment in a group setting was initiated by upper management; the President of Iron Workers Local 263, Julio Gonzalez on December 2, 2019.

> When Julio Gonzalez Jr. and Greg Schultze found out that the Plaintiff Joel Jordan refused to allow his staff to continue doing these forbidden acts while he was the Administrator of the program they started doing racially themed activities around the office in front of my assistant. There was a buildup of racially charged harassment from August 2019 through February 2020.

B. On December 2, 2019 Julio Gonzalez Jr. started referring to the Plaintiff Joel Jordan as "Black Santa" in front of the Plaintiff's administrative assistant, employees during the morning, and in front of the Plaintiffs wife during lunch.

C. On December 5, 2019 Greg Schultze joined in on the "Black Santa" commentary and refused to stop when I asked him to stop. On several lunch breaks Greg and Julio

would go back and forward referring to the Plaintiff as "Black Santa". Julio Gonzalez began his racially charged antics when tried to get me to dress up as "Black Santa" for a retiree Christmas party. On December 5, 2019 I managed to finally record one of the derogatory conversations during lunch on my cell phone. The more I refused to potentially break the law and participate in the forbidden act of selling books to students to more the things got worse in the office.

D. On December 13, 2019 at the retirees Christmas party Julio Gonzalez Jr. continued on insisting that the Plaintiff dress up as Santa. Julio Gonzalez Jr. continued Taunting the Plaintiff even in front of the Plaintiffs family guest that was sitting at his table; The Plaintiffs wife (a former student and a former Iron Worker) Roshanda Jordan and the Plaintiffs 13-year-old daughter Saniya Jordan.

E. In January 2020 Julio Gonzalez Jr. began to participate in workplace exclusion with Herlinda Gonzalez Darr other coworkers and staff by eating lunch in another room closed locked the doors so that the Plaintiff would have to eat lunch alone or at the very least not with them.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have

evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date _____ June 3, 2021 _____

Signature of Plaintiff _____
Joel Jordan

Printed Name of Plaintiff _____ Joel Jordan _____


6941 Talon Bluff Drive
Fort Worth Texas, 76179
469-531-7675

**ATTACHMENT    2**

**Statement of Claim**


Herlinda Gonzalez Darr, Defendant No. 2

1. Discriminated against me because of my race and religion in violation of Title VII of the Civil Rights Act of 1964, as amended.

   A. Herlinda Gonzalez Darr discriminated against the Plaintiff by treating him less favorable than a similarly situated person of Latin /Hispanic decent, Julio Gonzalez. Herlinda Gonzalez Darr intentionally implemented a work stoppage causing the Plaintiff to do her job often giving her upper management the Plaintiff, forced him to do her job task which was more work than his predecessors. Herlinda Gonzalez Darr often imposed impossible task onto the Plaintiff to do that have always been her task to perform as indicated in several emails, and weekly job tasks reports from Herlinda Gonzalez Darr.

   B. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended.

      A. Herlinda Gonzalez Darr intentionally implemented a work stoppage causing the Plaintiff to do her job. The Defendant Herlinda Gonzalez Darr retaliated against the Plaintiff  her upper management,  by subjecting him to a heavier workload and stricter scrutiny than his predecessors, forced him to do her job task which was more work than his predecessors, religiously hostile treatment by posting signs in the in the public's view and in the office on several occasions taunting the Plaintiffs Administrative position by placing insubordinate signs on the Plaintiffs office window denouncing his position; this activity was captured on security video and security video screen shots on January 13,2020 at 6:54 a.m..

      B. Herlinda Gonzalez Darr also taunted the Plaintiffs religious beliefs, one of the postings was captured in a cell phone photo on Friday January 31,2020 at 7:29 a.m.. Herlinda Gonzalez Darr on more than one occasion engaged in hostile conversations about the Plaintiffs religious status. One of these was reported to Greg Schultze on February 18, 2020 at 10:02 a.m. via email in regard to a hostile insubordinate conversation between the Plaintiff's Assistant Herlinda Gonzalez Darr and the Plaintiff that took place on February 17, 2020 at  7:15 a.m., to no avail and, ultimately contributed to his termination.

C.  In January 2020 Herlinda Gonzalez Darr began to participate in workplace exclusion with other coworkers and staff by eating lunch in another room closed locked the doors so that the Plaintiff would have to eat lunch alone or at the very least not with them.

D.  Herlinda Gonzalez Darr also implementing isolation tactics by closing and locking a normally open door and placing several taunting notes on that locked door and around the office for the Plaintiff to see.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date                     _____June 3, 2021_____

Signature of Plaintiff   _____
                                    Joel Jordan

Printed Name of Plaintiff   _____Joel  Jordan_____

6941 Talon Bluff Drive
Fort Worth Texas, 76179
469-531-7675

**ATTACHMENT     3**

**Statement of Claim**

Greg Schultze, Defendant No. 3

1. Discriminated against me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended

    A. Beginning on December 5, 2019 at 7:30 am Greg Schultze the Plaintiffs direct upper management began to greet and address the Plaintiff as "Black Santa". Later that same day right before lunch Greg Schultze and the President of Ironworkers Local 263, Julio Gonzalez did on one or more occasions referrer to the Plaintiff as "Black Santa". The Plaintiff reported his dislikes and concerns to Greg Schultze to no avail. The Defendants failed to take effective remedial action in response to racially charged complaints.

    During lunch on December 5, 2019 two of the Defendants Greg Schultze and Julio Gonzalez Jr. on purpose openly taunted the Plaintiff in front of coworkers about being Santa. This particular Santa conversation was documented by the Plaintiff and presented to Greg Schultze in an effort to stop this behavior in the office to no avail.

    B. Ironworkers Local 263 and Greg Schultze Mr. Jordan's direct upper manager, is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt effective remedial action. Instead, it did just the opposite. It condoned, participated, ratified, and otherwise allowed racially harassing and discriminatory behavior to continue.

2. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended.

    A. Greg Schultze retaliated against the Plaintiff, Joel Jordan by not putting an end to the impossible work task imposed on the Plaintiff by the Plaintiff's assistant Herlinda Gonzalez Darr.

    B. Greg Schultze knew or should have known about the work stoppage of the Plaintiffs assistant, therefore putting a higher workload or demand on the Plaintiff to accomplish his normal daily task and for the Plaintiff to have to absorb the assistants normal daily job task.

C. Greg Schultze failed to clearly identify individual job task responsibilities for the office therefore facilitating a hostile work environment for the Plaintiff.

D. Greg Schultze as upper management knew or should have known that a person of Latin /Hispanic decent, Julio Gonzalez was selling books to students and pocketing the cash for 20 years. Julio Gonzalez Jr. has never been reprimanded or terminated in regard to the book sales to student issue which is against the school's policy, and its against the conditions of the Federal Grant policy / funding  policy through Tarrant County College.

E. Greg Schultze retaliated against the Plaintiff, Joel Jordan because of his race by terminating the Plaintiff a person of African American decent for accusations of relatively minor mistakes without due process, and not firing a similarly situated person of Latin /Hispanic decent, Julio Gonzalez for major infractions against the school's policy, against the Grant policy of Tarrant County Community College, and may be unlawful in of itself.

F. On February 28, 2020 in a last act of retaliation towards the Plaintiff, Joel Jordan; Greg Schultze terminated the Plaintiff in the presence of the Plaintiff's insubordinate assistant Herlinda Gonzalez Darr.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date                                  June 3, 2021

Signature of Plaintiff             Joel Jordan

Printed Name of Plaintiff         Joel  Jordan

6941 Talon Bluff Drive
Fort Worth Texas, 76179
469-531-7675

**ATTACHMENT      4**

**Statement of Claim**

**Mark Fritts, Defendant No. 4**

1. Discriminated against me because of my race in violation of Title VII of the Civil Rights Act of 1964, as amended.

   A. Mark Fritts allowed a person of Latin /Hispanic decent, Julio Gonzalez, to hold make up classes for students and collect cash from those students for several years.  Although Julio Gonzalez Jr. was told to stop those make up classes by Mark Fritts, Julio Gonzalez was not terminated.

   B. Mark Fritts knew or should have known that a person of Latin /Hispanic decent, Julio Gonzalez was selling books to students and pocketing the cash for 20 years. Julio Gonzalez Jr. has never been reprimanded or terminated in regard to the book sales to student issue which is against the school's policy, and its against the conditions of the Federal Grant policy / funding  policy through Tarrant County College.

   C. Mark Fritts discriminated against the Plaintiff, Joel Jordan because of his race by terminating the Plaintiff a person of African American decent for accusations of relatively minor mistakes without due process, and not firing a similarly situated person of Latin /Hispanic decent, Julio Gonzalez for major infractions against the school's policy, against the Grant policy of Tarrant County Community College, and may be unlawful in of itself.

2. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended.

   A. On February 28, 2019, the Defendant Mark Fritts retaliated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes without due process that included the Plaintiff, terminated the Plaintiff all in one meeting.
            The same, exact, or worse behavior over a span of several years from similarly situated person of Latin /Hispanic decent, Julio Gonzalez, the Plaintiffs predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date _____June 3, 2021_____

Signature of Plaintiff _____Joel Jordan_____

Printed Name of Plaintiff _____Joel  Jordan_____

6941 Talon Bluff Drive
Fort Worth Texas, 76179
469-531-7675

**ATTACHMENT     5**

### Statement of Claim

**Michael Salceda, Defendant No. 5**

1. **Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended.**

   A. **The Plaintiff was terminated on February 28, 2020. 8 months after the Plaintiff was terminated Michael Salceda the Vice President for Iron Workers Local 263 in an act of retaliation and an attempt to tamper with and destroy evidence in this case did without permission access the Plaintiffs email on October 28, 2020.**

   B. **Michael Salceda also accessed the Plaintiffs private Apple iCloud and immediately began to change the Plaintiffs passwords, usernames, and email address associated with the Plaintiffs Apple iCloud account, denying the Plaintiff any future access to his account.**

   C. **All of these activities have been documented through emails and a Police report.**

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date                          _____June 3, 2021_____

Signature of Plaintiff        _Joel Jordan_

Printed Name of Plaintiff     _____Joel_Jordan_____

6941 Talon Bluff Drive
Fort Worth Texas, 76179
469-531-7675

1

JS 44  (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOEL JORDAN

**(b)** County of Residence of First Listed Plaintiff   TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

6941 Talon Bluff Drive Fort Worth, Texas 76179   469-531-7675

### DEFENDANTS

JULIO GONZALEZ JR, HERLINDA DARR, MARK FRITTS

GREG SCHULTZE, MICHAEL SALCEDA

County of Residence of First Listed Defendant    JULIO GONZALEZ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment

Brief description of cause:
I believe that I have been discriminated and retaliated against because of my race and religion.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE   June 3, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____