# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| | ) | **AMENDED** |
| | ) | **COMPLAINT** |
| | ) | |
| Joel Jordan | ) | |
| **Plaintiff,** | ) | **Case No. 4-21CV-715-0** |
| | ) | |
| | ) | |
| **-v-** | ) | |
| | ) | **JURY DEMAND** |
| **Iron Workers Local 263,** | ) | |
| | ) | |
| **Defendant,** | ) | |

This complaint is Amended on June 30, 2021, to reflect the correct Defendant in this case per the opposing party's request. The Original case was filed on June 3, 2021.

## COMPLAINT

Plaintiff, Joel Jordan ("Plaintiff" or Joel Jordan), alleges as follows:

1. This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII").

## JURISDICTION AND VENUE

2. The basis of jurisdiction is a Federal Question

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331, 1343(a), and 1345.

4. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to

the cause of action herein occurred.

5.   Plaintiff is expressly authorized to bring this action by Sections 704(a)

of Title VII, and  42 U.S.C. §§ 2000e-5(f)(1) and (3).

6.  This complaint is amended to reflect the correct Defendant under Rule 15(a)

Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of

course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of

a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave

when justice so requires.

7.   The Plaintiff has received written consent from the opposing party's  attorney to Amend

this Complaint on June 22, 2021. See Exhibit 3.


## PARTIES

The Plaintiff,

8.  Joel Jordan, ("Plaintiff") is an established resident in the State of Texas, filed a timely charge

with the United States Equal Employment Opportunity Commission ("EEOC") (Charge

No.450-2020-03151) on May 18, 2020, at 10:05 am, alleging that Defendant in the case of

Iron Workers Local 263 discriminated against him based on his race (Black/African

American).

2

Pursuant to Civil Rights act of 1964, as amended and Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, the EEOC investigated the charges. a copy of which is attached hereto as Exhibit "1".

9. The EEOC attempted unsuccessfully to achieve resolution of this matter through offer of mediation. It was deemed that  mediation was not available for this case and ultimately the EEOC made no finding as to the merits of any issues and did give the Plaintiff a Notice of Right to Sue Iron Workers Local 263  March 5, 2021. a copy of which is attached hereto as Exhibit "2".

**The Defendant**

10. Defendant Iron Workers Local 263, ("Defendant") is a union organization pursuant to the laws of  Texas and is located within this judicial district.

11. Defendant Iron Workers Local 263 is Incorporated or its Principal Place of Business is in the State of Texas.

12. All conditions precedent to this lawsuit have been performed or have occurred.

Statement of Claim

13. Iron Workers Local 263, ("Defendant")

    A.  Discriminated against the Plaintiff because of race in violation of Title VII of the Civil Rights Act of 1964, as amended. See Attachment 1

    B.  Retaliated against the Plaintiff because of race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended.  See Attachment 1

14. Julio Gonzalez Jr.,

    A.  Discriminated against the Plaintiff because of race.  See Attachment 2

    B.  Retaliated against the Plaintiff because of race.  See Attachment 2

15. Herlinda Gonzalez Darr,

    A.  Discriminated against the Plaintiff because of race and religion.  See Attachment 3

    B.  Retaliated against the Plaintiff because of race.  See Attachment 3

16. Greg Schultze,

    A.  Discriminated against the Plaintiff because of race.  See Attachment 4

    B.  Retaliated against the Plaintiff because of race. See Attachment 4

17. Mark Fritts,

    A.  Discriminated against the Plaintiff because of race.  See Attachment 5

    B.  Retaliated against the Plaintiff because of race.  See Attachment 5

18. Michael Salceda,

    A.  Retaliated against the Plaintiff because of race.  See Attachments  6

## FACTUAL ALLEGATIONS

Joel Jordan's Employment at Iron Workers Local 263

19. Joel Jordan the Plaintiff first started with Iron Workers Local 263 in the year 2000

    as an apprentice Iron Worker. Although the program is a 3-year program

    the Plaintiff graduated as a Journeyman Iron Worker in June 2004.  After working in the

    the field for 5-years, Julio Gonzalez Jr. asked the Plaintiff to be an

    instructor for the apprenticeship program. The Plaintiff was an Iron Worker in the field

    working 40 hours during the weekdays and also worked two nights a week as an

    instructor for the apprenticeship program for the next 15 years until promoted to be the

    Apprenticeship Coordinator/Administrator for the Iron Workers Local 263 through the

    recommendations from the President, Julio Gonzalez Jr.'s  personal and written

    recommendation and also a personal recommendation of Greg Schultze

    the Statewide Director of Training for Texas. The Plaintiff held this position until he was

    terminated in 2020, after 20 years as an Iron Worker.

20. As an Iron Worker, the Plaintiff would be tasked with a wide range of activities like other

    Iron Workers, performed numerous duties that included physically helping to put

    individual metal pieces of a structure together, to driving  heavy equipment, to providing

instructions to small and large groups of Iron Workers as a coworker on small jobsites with other Iron Workers on site and as Superintendent on large projects with a combination of Glaziers and Iron Workers under the direction of the Plaintiff Joel Jordan.

21. As an instructor for 15 years the Plaintiff became a Certified Instructor and would go to the school to teach  after working an 8-hour shift in the field. The students were provided blocks of training modules over a 3-year span.

22. On June 11, 2019, the Plaintiff Joel Jordan was promoted from an instructor, to Apprenticeship Coordinator/Administrator for Iron Workers Local 263 the first person of  Black/ African American descent as the Apprenticeship Coordinator. All of the previous coordinators were of a European descent and for the past 20 years was a person of Latin/Hispanic descent.

23. In the office of the apprenticeship school was the Administrative Assistant to the Coordinator and the program a person of Latin/Hispanic descent Herlinda Gonzalez Darr (Julio Gonzalez Jr.'s older sister). Also, on occasion in the office was Eddie Gonzalez (Julio Gonzalez Jr.'s older brother) the custodian.

Apprenticeship Coordinator Orientation

21. On June 11, 2019, Julio Gonzalez Jr. gave the Plaintiff Joel Jordan orientation on how to start running the office at the apprenticeship program. One of the first things that Julio Gonzalez Jr. instructed the Plaintiff to do was how to do payrolls for all of the instructors in the DFW area and  for the instructors in El Paso,  and for office staff and himself. Julio Gonzalez told the Plaintiff that his position would cover a 48-hour salary although he would most likely work more hours than that, Fridays could be taken off to make up for overtime hours if needed and that any hours assisting or co teaching

classes, or outright covering classes for absent instructors would be supplemented through Tarrant County College as long as the Plaintiff was still registered with the college.

22. Julio Gonzalez Jr. told the Plaintiff to get $3,000.00 from the administrative assistant Herlinda Gonzalez Darr and to send that money to Greg Schultze the Statewide Director who was in Houston. The Plaintiff was told by Julio Gonzalez Jr. to get 3 one-thousand-dollar money orders because to post office would not give him one money order for the total three-thousand-dollar amount.

23. July 15, 2019, through July 19, 2019, the Plaintiff Joel Jordan attended training for New Apprenticeship Coordinators. While in Instructor Training for New Apprenticeship Coordinators. The Plaintiff  was trained to manage his own schedule, trained not to allow others to manipulate  time. In training the Plaintiff learned how to look up the program's information. Where he discovered in training that Iron Workers Local 263's program was not supposed to sell training manuals/ books to students. The Plaintiff learned that ultimately he was the person responsible for the financial liability of the program.

24. On July 20, 2019, the Plaintiff told the  instructors to stop selling books immediately because this was a prohibited act.

25. On July 25, 2019, Julio Gonzalez Jr. asked the Plaintiff why he had a meeting with the instructors and ask them to stop selling books. The Plaintiff Joel Jordan explained to Julio Gonzalez Jr. that the school was not supposed to be selling books to the students. The Plaintiff explained he would not be sending any more money or money orders to Greg Schultze and that selling books to students would not continue. The Plaintiff advised his direct supervisor Greg Schultze about this conversation on more than one occasion, the first time was on July 25, 2019,  the third and last occasion being through an email from the Plaintiff to Greg Schultze on November 6, 2019, at 8:25 a.m.

Racial Discrimination

**CHARGE 1: RACIAL DISCRIMINATION**

26. During the Plaintiffs tenure as the Apprenticeship Coordinator and Administrator for Iron Workers Local 263, the Plaintiffs assistant Herlinda Darr Gonzalez and upper management Julio Gonzalez Jr., began to create an environment which encouraged and fostered a hostile work environment for the Plaintiff, Mr. Jordan due to his race. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in Iron Workers Local 263. It is open, active, and unashamed. The harassment, abuse and discrimination are encouraged by Iron Workers Local 263 management's refusal to stop the misbehavior.

27. On December 12, 2019, about 10:00 a.m. Julio Gonzalez Jr asked the Plaintiff to get money from Herlinda Gonzalez Darr to get money orders for half of amount of money in petty cash and to send the money to Greg Schultze. Herlinda Gonzalez told the Plaintiff that there was a little more than $11,000.00 in the petty cash. The Plaintiff told her that Julio Gonzalez Jr. wanted to send Greg Schultze half of that. Herlinda began to count out $5,500.00 on her desk from the cash drawer on her desk located on the left side of her desk near the top.

When she completed counting the money out on her desk the plaintiff told her that he was not going to send that money to Greg Schultze. The Plaintiff then told Herlinda Gonzalez Darr to stop excepting money from students and to stop placing my name on receipts.  Herlinda Gonzalez Darr was not happy that the Plaintiff allowed her to count out all that money for nothing and she slammed her office door on the Plaintiff.

28. The Plaintiff  contacted Julio Gonzalez Jr. and told him that he was not going to send that money to Greg.

29. the Plaintiff, Mr. Jordan refused to facilitate several fiduciary forbidden financial perhaps unlawful activities at the direction of  Julio Gonzalez Jr., the Plaintiff's

8

supervisor began to openly engage in  racially discriminating, and harassing activities towards the Plaintiff.

30. The peak of racial slurs and derogatory comments and harassment in a group setting was initiated by upper management; the President of Iron Workers Local 263, Julio Gonzalez on December 2, 2019. On December 2, 2019, Julio Gonzalez Jr. started a racially derogatory jokes and demeaning conversations about the Plaintiff in front of the Plaintiff, the  Plaintiffs assistant Herlinda Gonzalez Darr (Julio's older sister) and the Plaintiffs facilities janitor Eddie Gonzalez (Julio's older brother).

31. On December 5, 2019, at 7:30 a.m. the Plaintiff Joel Jordan was decorating the area where the retirement party was at when the Training Director Greg Schulze (the Plaintiff's boss) saw the Plaintiff up on a scaffold putting up decorations, ornaments, and lights said all on his own "look at you looking like a Black Santa while he was looking at the Plaintiff; "Black Santa" saying that that name would stick. Yes, that name would definitely stick. These comments were continued in front of two people that work under the Plaintiff: the assistant Herlinda Gonzalez Darr( Julio's sister) and a janitor Eddie Gonzalez (Julio's brother). At lunch all of these people went back and forward with their own comments on the Plaintiff being "Black Santa"

32. Greg Schultze and the President of Ironworkers Local 263, Julio Gonzalez Jr., did on one or more occasions referrer to the Plaintiff as "Black Santa". Plaintiff reported his dislikes and concerns to Greg to no avail. Iron Workers Local 263 failed to take effective remedial action in response to racially charged complaints. During lunch on December 5, 2019,  Greg Schultze and Julio Gonzalez Jr., on purpose and openly taunted the Plaintiff in front of coworkers about being Santa. This particular Santa conversation was documented by the Plaintiff and presented Greg Schultze in an effort to stop this behavior in the office to no avail.

33. Although the Plaintiff is not subject to this, racial slurs and derogatory conversations did take place during Mr. Jordan's tenue at Ironworkers Local 263.  As a result of the Plaintiff's good faith complaints and opposition to race discrimination and racial harassment.

9

34. On February 28, 2019,  Mark Fritts discriminated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes and without due process that included the Plaintiff, terminated the Plaintiff all in one meeting.  The same, exact, or worse behavior over a span of several years from similarly situated Hispanic Julio Gonzalez, the Plaintiffs predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years.

Retaliation

CHARGE 2: RETALIATION

35. The Plaintiff Mr. Jordan an African American at the Iron Workers Local 263 was subjected to a stricter level of scrutiny and forced to do more work than his similarly situated Hispanic predecessor. The racial harassment and retaliation were perpetuated by Herlinda Gonzalez Darr, the Plaintiffs assistant (Julio's sister).

36. Herlinda Gonzalez Darr intentionally implemented a work stoppage causing the Plaintiff to do her job. Herlinda Gonzalez Darr retaliated against the Plaintiff  her upper management,  by subjecting him to impossible job task, a heavier workload and stricter scrutiny than his predecessors, forced him to do her job task which was more work than his predecessors, religiously hostile treatment by posting signs in the in the public's view and in the office on several occasions taunting the Plaintiffs Administrative position by placing insubordinate signs on the Plaintiffs office window denouncing his position; this activity was captured on security video and security video screen shots on January 13,2020 at 6:54 a.m..

Herlinda Gonzalez Darr also taunted the Plaintiffs religious beliefs, one of the postings was captured in a cell phone photo on Friday January 31,2020 at 7:29 a.m.. Herlinda Gonzalez Darr on more than one occasion engaged in hostile conversations about the Plaintiffs religious status. One of these was reported to Greg Schultze on February 18, 2020, at 10:02 a.m. via email in regard to a hostile insubordinate conversation between the

Plaintiff's Assistant Herlinda Gonzalez Darr and the Plaintiff that took place on February 17, 2020, at 7:15 a.m., to no avail and, ultimately contributed to his termination.

37. Greg Schultze refused to define job tasks to stop this behavior from the Plaintiff's assistant.  Herlinda would on purpose engage in hostile insubordinate conversation with the plaintiff.

38. When the Plaintiff would report this insubordinate behavior of Herlinda to Greg Schultze the Statewide Training Director Greg Schultze he did nothing to stop the ongoing racial and racial harassment activities in the office. Greg threatened the Plaintiffs job and refused to fire Herlinda as indicated in an email on January 22, 2020, at 9:35 a.m. .

39. In retaliation towards the Plaintiff Mr. Jordan was repeatedly threatened to be reprimanded and disciplined for relatively minor mistakes. The same, exact, or worse behavior from similarly situated person of Latin /Hispanic decent, Julio Gonzalez Jr. the Plaintiffs predecessor was ignored even when discovered.

40. On February 28, 2019, Mark Fritts retaliated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes and without first advising the Plaintiff of what the workplace challenge was about. Mark Fritts did not even attempt to implement a Personal Improvement Plan, terminated the Plaintiff all in one meeting.  The same, exact, or worse behavior over a span of several years from similarly situated person of Latin /Hispanic decent, Julio Gonzalez, the Plaintiffs predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years. Two Days after the Plaintiff received 52 signatures from students saying that they would not buy book the Plaintiff was terminated.

41. Ironworkers Local 263 and is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and

discrimination but failed to take prompt effective remedial action. Instead, it did just the opposite. It condoned, participated, ratified, and otherwise allowed racially harassing and discriminatory behavior to continue.

42. When Mr. Jordan tried on several occasions tried to get upper management to stop Herlinda's retaliation by defining job tasks of Herlinda Gonzalez Darr; he was told in a threatening email from Greg Schultze that there would be no staff changes in regards to his complaint.  Mr. Jordan eventually was fired in the presence of this employee.

43. 8 months after the Plaintiff was terminated on October 28, 2020, Michael Salceda the Vice President for Iron Workers Local 263 in an act of retaliation and an attempt to tamper with and destroy evidence in this case did without permission access the Plaintiffs email. Michael Salceda also accessed the Plaintiffs private Apple iCloud and immediately began to change the Plaintiffs passwords, usernames, and email address associated with the Plaintiffs Apple iCloud account, denying the Plaintiff any future access to his account. All of these activities have been documented through emails and a Police report.

## 6.  Relief

WHEREFORE, Plaintiff, Joel Jordan , respectfully request that this Court enter a judgement against the Defendant and provide the following relief:

a.  Award actual damages, including appropriate amounts of back pay in the amount of $95,940.00 plus fringe benefits or up to the courts maximum whichever is appropriate.

b.  Award compensatory for:

i.  Race Discrimination in the amount of  $45,000.00

ii.  Retaliatory discharge in the amount of   $40,000.00

iii.  Wrongful Termination in the amount of $92,000.00

iv.  Hostile work environment in the amount of $90,000.00

7. Award reasonable court cost.

8. Award Plaintiff his job back as Apprenticeship Coordinator and be allowed to finish last 10 years as Apprenticeship Coordinator.

9. Grant any and all appropriate relief, which the Court deems necessary and appropriate.

Demand for Jury

Plaintiff demands a jury trial of all issues.

10. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Date                    _____June 30, 2021_____

Signature of Plaintiff
Joel Jordan

Printed Name of Plaintiff    _____Joel Jordan_____

6941 Talon Bluff Drive
Fort Worth Texas, 76179
469-531-7675

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 450-2020-03151 |

**TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** ___ and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MR. JOEL JORDAN | (469) 531-7675 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 6941 TALON BLUFF DRIVE, FORT WORTH, TX 76179 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| IRON WORKERS LOCAL 263 APPRENTICESHIP PROGRAM | 501+ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 616 N. GREAT S.W. PARKWAY, ARLINGTON, TX 76011 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 12-05-2019 | 02-28-2020 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**PERSONAL HARM:**
I. On or about December 05, 2019, my superiors and coworkers began referring to me as 'Black Santa.' I asked them to stop to no avail. I complained to my Statewide Director, Gregory Schulze, who was also engaging in the racially derogatory remarks; however, nothing was done.

II. Shortly thereafter, on or about February 28, 2020, I was discharged.

**RESPONDENTS REASON FOR ADVERSE ACTION:**
I. No reason given for the racial harassment.

II. I was told I did not work enough hours. I believe the reason given was pretext to hide discrimination.

**DISCRIMINATION STATEMENT:**
I believe that I have been discriminated against because of my race (Black/African American), in violation

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Joel Jordan on 05-18-2020 10:05 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

PLAINTIFF'S EXHIBIT 1
4-21CV-715-O

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 450-2020-03151 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

of Title VII of the Civil Rights Act of 1964, as amended.  I believe that I have been retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Joel Jordan on 05-18-2020 10:05 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

761179-1742d1

PLAINTIFF'S
EXHIBIT 2
4-2CV-715-O
Case LO

EEOC Form 161 (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   Joel Jordan
      6941 Talon Bluff Drive
      Fort Worth, TX 76179

From:   Charlotte District Office
        129 W. Trade Street
        Suite 400
        Charlotte, NC 28202

| | |
|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2020-03151 | Hattie W. Murphy, Investigator | (980) 296-1261 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Sandra Little, for_                      3/5/2021

Enclosures(s)

Thomas M. Colclough,
District Director

(Date Issued)

cc:   Douglas Selwyn, Attorney
      CONNER & WINTERS LLP
      808 Travis Street
      23rd Floor
      Houston, TX 77002

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **<u>within
90 days</u> of the date you *receive* this Notice**  Therefore, you should keep a record of this date.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u>** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



4100 First Place Tower
15 East 5th Street
Tulsa, OK 74103

cwlaw.com

Jason S. Taylor | **Partner**
DIRECT   918.586.8975
OFFICE   918.586.5711
FAX        918.586.8675
jtaylor@cwlaw.com

June 22, 2021

Joel Jordan
6941 Talon Bluff Drive
Fort Worth, Texas 76179

> Re:   *Joel Jordan v. Ironworkers Local 263; Julio Gonzales, Jr.; Mark Fritts; Greg Schultze; Herlinda Gonzales Darr; Michael Salceda*; United States District Court for the Northern District of Texas; Case No. 4-21CV-715-0

Dear Mr. Jordan:

Please be advised that I represent all of the Defendants in the referenced case that you filed in the United States District Court for the Northern District of Texas. Please forward all further communications regarding this mater to my attention.

I'm writing to advise you that your Complaint is defective for the following reasons:

1. You sued "Ironworkers Local 263" as your former employer. In fact, your former employer is correctly identified as "Texas Iron Workers Training Trust"; and

2. You sued Julio Gonzales, Jr., Mark Fritts, Greg Schultze, Herlinda Gonzalez Darr and Michael Salceda for employment violations under Title VII as set forth in your Complaint. Please be advised that individuals cannot be sued for Title VII claims where, as here, the former employer is also a defendant in the lawsuit. *See Smith v. Amedisys Inc., 298 F.3d 434, 448-49 (5th Cir.2002) (Because an official-capacity suit against a supervisor or other individual is actually a suit against the employing corporation, Indest, 164 F.3d at 262, a plaintiff may not maintain a Title VII action against both an employer and its agent in an official capacity. Accordingly, as long as the corporate employer is named as a defendant, individual employees cannot be liable to a plaintiff in either their personal or official capacities.)* (A copy of which is enclosed for your reference)

Accordingly, Defendants respectfully request that you file an Amended Complaint which identifies your correct former employer as set forth above and does not include Title VII claims against any individuals. If you chose not to amend the complaint, Defendants will file a Motion to



_____

Tulsa  |  Oklahoma ... nsas  |  Dallas  |  Houston  |  Washington, D.C.

Conner & Winters, LLP | Attorneys at Law | cwlaw.com

Page 2

Dismiss your Complaint with the Court and we will seek our attorneys' fees and costs associated with the motion.

      Please call me at the number above if you would like to discuss this matter in more detail.

                          Sincerely,

                          Jason S. Taylor

Enclosure

ATTACHMENT          1

## Statement of Claim

Iron Workers Local 263, ("Defendant")

1. Discriminated against the Plaintiff because of race in violation of Title VII of the Civil Rights Act of 1964, as amended.

    A.  Iron Workers Local 263 Discriminated against the Plaintiff by treating him different, and less favorable than his predecessor a similarly situated person of Latin /Hispanic decent, Julio Gonzalez, because of his race.

    B.  Iron Workers Local 263 knew or should have known that the Plaintiff's co-workers, direct upper manager, and or business managers were participating in racially motivated activities in the office of the apprenticeship program.

    C.  Iron Workers Local 263 failed to protect the Plaintiff from employment discrimination because of his race, and religion.

    D.  Iron Workers Local 263 allowed co-workers, direct upper manager, and or business managers to treat the Plaintiff unfair because of his race Black/African American.

    E.  Iron Workers Local 263 allowed the Plaintiff' to be Harassed by upper management and co-workers, in workplace, because of his race, and religion.

2. Retaliated against me because of my race in violation of Section 704(a) of the Civil Rights Act of 1964, as amended.

    A. Iron Workers Local 263 retaliated against the Plaintiff by firing him for performing a protected act and for refusing to potentially break the law. Two days before the Plaintiff was fired he received 52 signatures from students saying they would not purchase any more books.

    B. On February 28, 2019,  Mark Fritts retaliated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes without, any verbal or written write-ups, or P.I.P. plans. The Plaintiff was fired without any due process that included the Plaintiff, terminated the Plaintiff all in one meeting
        The same, exact, or worse behavior over a span of several years from similarly situated person of Latin /Hispanic decent, Julio Gonzalez, the Plaintiffs predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years.

ATTACHMENT        2

Statement of Claim

Julio Gonzalez Jr.,

1.   Discriminated against the Plaintiff because of my race

A.   The Plaintiff, Joel Jordan started as Apprenticeship Coordinator and Administrator for
Iron Workers Local 263 on June 11, 2019. On the first day, supervisor Julio Gonzalez
Jr.,  who is also the President for Iron Workers Local 263 provided the Plaintiff basic
orientation. During orientation Julio told the Plaintiff to perform a forbidden act a
potentially unlawful act.

The Plaintiff later learned in training that the act was definitely forbidden.
After training, the Plaintiff Joel Jordan had a meeting with his instructors, and
told them to stop selling books to students. The Plaintiff  told his assistant
Herlinda Gonzalez Darr to stop selling books to students and righting his name
on receipts as she had been doing for the previous coordinators and previous
Administrators.

October 14, 2019, at 8:30 a.m. , and again on December 12, 2019, about 10:00
a.m. the Plaintiff, Mr. Jordan refused to facilitate several fiduciary forbidden
financial activities at the direction of Julio Gonzalez Jr., the Plaintiff's
supervisor. After the Plaintiff refused to do these potentially unlawful activities
the Defendants began to openly engage in  racially discriminating, and
harassing activities towards the Plaintiff. The peak of racial slurs and derogatory
comments and harassment in a group setting was initiated by upper
management; the President of Iron Workers Local 263, Julio Gonzalez on
December 2, 2019.

When Julio Gonzalez Jr. and Greg Schultze found out that the Plaintiff Joel
Jordan refused to allow his staff to continue doing these forbidden acts while he
was the Administrator of the program they started doing racially themed activities
around the office in front of my assistant. There was a buildup of racially charged
harassment from August 2019 through February 2020.

B. On December 2, 2019, Julio Gonzalez Jr.  started referring to the Plaintiff Joel Jordan as "Black Santa" in front of the Plaintiff's administrative assistant, employees during the morning, and in front of the Plaintiffs wife during lunch.

C. On December 5, 2019, Greg Schultze joined in on the "Black Santa" commentary and refused to stop when I asked him to stop. On several lunch breaks Greg and Julio would go back and forward referring to the Plaintiff  as "Black Santa". Julio Gonzalez began his racially charged antics when tried to get me to dress up as "Black Santa" for a retiree Christmas party. On December 5, 2019, I managed to finally record one of the derogatory conversations during lunch on my cell phone. The more I refused to potentially break the law and participate in the forbidden act of selling books to students to more the things got worse in the office.

D. On December 13, 2019, at the retirees Christmas party Julio Gonzalez Jr. continued on insisting that the Plaintiff dress up as Santa. Julio Gonzalez Jr. continued Taunting the Plaintiff even in front of the Plaintiffs family guest that was sitting at his table; The Plaintiffs wife (a former student and a former Iron Worker) Roshanda Jordan and the Plaintiffs 13-year-old daughter Saniya Jordan.

E. In January 2020 Julio Gonzalez Jr. began to participate in workplace exclusion with Herlinda Gonzalez Darr other coworkers and staff by eating lunch in another room closed locked the doors so that the Plaintiff would have to eat lunch alone or at the very least not with them.

**ATTACHMENT     3**

**Statement of Claim**

Herlinda Gonzalez Darr,

1. Discriminated against the Plaintiff because of race as a coworker at Ironworkers Local 263.

    A. Herlinda Gonzalez Darr discriminated against the Plaintiff by treating him less favorable than a similarly situated person of Latin /Hispanic decent, Julio Gonzalez. Herlinda Gonzalez Darr intentionally implemented a work stoppage causing the Plaintiff to do her job often giving her upper management the Plaintiff, forced him to do her job task which was more work than his predecessors. Herlinda Gonzalez Darr often imposed impossible task onto the Plaintiff to do that have always been her task to perform as indicated in several emails, and weekly job tasks reports from Herlinda Gonzalez Darr.

    B. Retaliated against the Plaintiff because of race as a coworker at Ironworkers Local 263.

       Herlinda Gonzalez Darr intentionally implemented a work stoppage causing the Plaintiff to do her job. The Defendant Herlinda Gonzalez Darr retaliated against the Plaintiff  her upper management,  by subjecting him to a heavier workload and stricter scrutiny than his predecessors, forced him to do her job task which was more work than his predecessors, religiously hostile treatment by posting signs in the in the public's view and in the office on several occasions taunting the Plaintiffs Administrative position by placing insubordinate signs on the Plaintiffs office window denouncing his position; this activity was captured on security video and security video screen shots on January 13,2020 at 6:54 a.m..

2. Herlinda Gonzalez Darr also taunted the Plaintiffs religious beliefs, one of the postings was captured in a cell phone photo on Friday January 31,2020 at 7:29 a.m.. Herlinda Gonzalez Darr on more than one occasion engaged in hostile conversations about the Plaintiffs religious status. One of these was reported to Greg Schultze on February 18, 2020 at 10:02 a.m. via email in regard to a hostile insubordinate conversation between the Plaintiff's Assistant Herlinda Gonzalez Darr and the Plaintiff that took place on February 17, 2020 at  7:15 a.m., to no avail and, ultimately contributed to his termination.

3.   In January 2020 Herlinda Gonzalez Darr began to participate in workplace exclusion with other coworkers and staff by eating lunch in another room closed locked the doors so that the Plaintiff would have to eat lunch alone or at the very least not with them.

4.   Herlinda Gonzalez Darr also implementing isolation tactics by closing and locking a normally open door and placing several taunting notes on that locked door and around the office for the Plaintiff to see.

**ATTACHMENT      4**

**Statement of Claim**

Greg Schultze,

1. Discriminated against the Plaintiff because of race as a representative of Ironworkers Local 263.

   A. Beginning on December 5, 2019, at 7:30 am Greg Schultze the Plaintiffs direct upper management began to greet and address the Plaintiff as "Black Santa". Later that same day right before lunch Greg Schultze and the President of Ironworkers Local 263, Julio Gonzalez did on one or more occasions referrer to the Plaintiff as "Black Santa". The Plaintiff reported his dislikes and concerns to Greg Schultze to no avail. The Defendants failed to take effective remedial action in response to racially charged complaints.

   During lunch on December 5, 2019, two of the Defendants Greg Schultze and Julio Gonzalez Jr. on purpose openly taunted the Plaintiff in front of coworkers about being Santa. This particular Santa conversation was documented by the Plaintiff and presented to Greg Schultze in an effort to stop this behavior in the office to no avail.

   B. Ironworkers Local 263 and Greg Schultze Mr. Jordan's direct upper manager, is liable under Title VII for such harassment and discrimination because it knew, or should have known, of the racial harassment and discrimination but failed to take prompt effective remedial action. Instead, it did just the opposite. It condoned, participated, ratified, and otherwise allowed racially harassing and discriminatory behavior to continue.

2. Retaliated against the Plaintiff because of race as a representative of Ironworkers Local 263.

   A. Greg Schultze retaliated against the Plaintiff, Joel Jordan by not putting an end to the impossible work task imposed on the Plaintiff by the Plaintiff's assistant Herlinda Gonzalez Darr.

   B. Greg Schultze knew or should have known about the work stoppage of the Plaintiffs assistant, therefore putting a higher workload or demand on the Plaintiff to accomplish his normal daily task and for the Plaintiff to have to absorb the assistants normal daily job task.

C.  Greg Schultze failed to clearly identify individual job task responsibilities for the office therefore facilitating a hostile work environment for the Plaintiff.

D.  Greg Schultze as upper management knew or should have known that a person of Latin /Hispanic decent, Julio Gonzalez was selling books to students and pocketing the cash for 20 years. Julio Gonzalez Jr. has never been reprimanded or terminated in regard to the book sales to student issue which is against the school's policy, and its against the conditions of the Federal Grant policy / funding  policy through Tarrant County College.

E.  Greg Schultze retaliated against the Plaintiff, Joel Jordan because of his race by terminating the Plaintiff a person of African American decent for accusations of relatively minor mistakes without due process, and not firing a similarly situated person of Latin /Hispanic decent, Julio Gonzalez for major infractions against the school's policy, against the Grant policy of Tarrant County Community College, and may be unlawful in of Itself.

F.  On February 28, 2020, in a last act of retaliation towards the Plaintiff, Joel Jordan; Greg Schultze terminated the Plaintiff in the presence of the Plaintiff's insubordinate assistant Herlinda Gonzalez Darr.

**ATTACHMENT    5**

### Statement of Claim

Mark Fritts,

1. Discriminated against the Plaintiff because of my race as a representative of Ironworkers Local 263.

   A. Mark Fritts allowed a person of Latin /Hispanic decent, Julio Gonzalez, to hold make up classes for students and collect cash from those students for several years.  Although Julio Gonzalez Jr. was told to stop those make up classes by Mark Fritts, Julio Gonzalez was not terminated.

   B. Mark Fritts knew or should have known that a person of Latin /Hispanic decent, Julio Gonzalez was selling books to students and pocketing the cash for 20 years. Julio Gonzalez Jr. has never been reprimanded or terminated in regard to the book sales to student issue which is against the school's policy, and its against the conditions of the Federal Grant policy / funding  policy through Tarrant County College.

   C. Mark Fritts discriminated against the Plaintiff, Joel Jordan because of his race by terminating the Plaintiff a person of African American decent for accusations of relatively minor mistakes without due process, and not firing a similarly situated person of Latin /Hispanic decent, Julio Gonzalez for major infractions against the school's policy, against the Grant policy of Tarrant County Community College, and may be unlawful in of itself.

1. Retaliated against the Plaintiff because of my race as a representative of Ironworkers Local 263.

   A. On February 28, 2019, Mark Fritts retaliated against the plaintiff by subjecting him to a stricter scrutiny than his predecessors by unjustly reprimanding and disciplining the Plaintiff for accusations of relatively minor mistakes without due process that included the Plaintiff, terminated the Plaintiff all in one meeting.
           The same, exact, or worse behavior over a span of several years from similarly situated person of Latin /Hispanic decent, Julio Gonzalez, the Plaintiffs predecessor was ignored by Mark Fritts even when discovered on more than one occasion over the span of several years.

1

**ATTACHMENT   6**

**Statement of Claim**

Michael Salceda,

1. Retaliated against me because of my race as a representative of Ironworkers Local 263.

    A. The Plaintiff was terminated on February 28, 2020. 8 months after the Plaintiff was terminated Michael Salceda the Vice President for Iron Workers Local 263 in an act of retaliation and an attempt to tamper with and destroy evidence in this case did without permission access the Plaintiffs email on October 28, 2020.

    B. Michael Salceda also accessed the Plaintiffs private Apple iCloud and immediately began to change the Plaintiffs passwords, usernames, and email address associated with the Plaintiffs Apple iCloud account, denying the Plaintiff any future access to his account.

    C. All of these activities have been documented through emails and a Police report.

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOEL JORDAN

**DEFENDANTS**
IRON WORKERS LOCAL 263

**(b)** County of Residence of First Listed Plaintiff    TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    TARRANT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
6941 Talon Bluff Drive
Fort Worth, Texas 76179          469-531-7675

Attorneys *(If Known)*
Jason S. Taylor,    4100 First Place Tower, 15 East 5th Street
918-586-8975        Tulsa, Oklahoma 74103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1331. Where jurisdiction arises under the Constitution of the United States, as amended
Brief description of cause:
I beleive that I have been discriminated and retaliated against because of my race and religion.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
363,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
June 30, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE